IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RODERICK RAY,

    Petitioner,

v.                                                               No. 14-1095

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

*INTRODUCTION*

Before the Court is the *pro se* 28 U.S.C. § 2255 motion of the Petitioner, Roderick Ray, to vacate, set aside or correct his sentence (the "Petition"). (D.E. 1.) Ray, Bureau of Prisons register number 55858-056, was at the time of filing an inmate at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia.[1] For the reasons articulated herein, the Petition is DENIED.

*PROCEDURAL HISTORY*

On November 14, 2011, a federal grand jury, in Case No. 1:11-10081, returned a one-count indictment against Petitioner, charging him with distribution of and possession with intent to distribute approximately 834 grams of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). Public Defender M. Dianne Smothers was

---

[1] It appears from the docket that he has since been transferred to Federal Correctional Institution Bennettsville in Bennettsville, South Carolina.

appointed to represent him in December 2011. The matter was tried before a jury in June 2012, resulting in a verdict of guilty. On September 27, 2012, Ray was sentenced to 124 months incarceration. The sentence was affirmed by the Sixth Circuit Court of Appeals.

*THE PETITION*

The stated grounds for the Petition are as follows:

1. [The] district court sentenced [him] to 124 months, which was [exc]essive for the offense that was committed. [His] sentence should have been 84 months. [The] district court failed to let the jury know of all of the elements associated with [his] case. [The] district [court] violated *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)], [*United States v.*] *Booker*[, 543 U.S. 220 (2005)] and *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)] No. 11-9335 cases. Jury did not evaluate the elements of the prior convictions the district court used to enhance [his] sentence based upon the following[:] [He] is actually innocent of the illegal enhancement based upon *Bousley* [*v. United States*, 523 U.S. 614 (1998)].

2. Counsel of then record, Ms. M. Dianne Smothers, refused to argue the issues that [he] asked her to present to the appellate court. By counsel failing to address these issues, [it] cost [him] more time, and counsel's representation fell way below the acceptable level of prof[]ession[al] conduct that denied [him] a fair trial. Under *Strickland v. Washington*, [466 U.S. 668 (1984)]. Both prongs have been met, and [he] request[s] an evidentiary hearing to determine the merits of [his] 2255.

3. Petitioner would like to ask that this court recall the mandate in this case.

4. Petitioner in this cause respectfully request[s] that this court apply the retroactive application of the Smarter Sentencing Act to [his] case in abeyance of such law that United States Congress is surely to pass later in the month of April 2014.

*LEGAL STANDARD*

Section 2255(a) provides that

[a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to succeed on a motion under the statute, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir.) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)), *cert. denied,* 135 S. Ct. 2914 (U.S. June 29, 2015). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Miller v. United States*, 561 F. App'x 485, 489 (6th Cir. 2014) (internal quotation marks omitted). "The district court must hold an evidentiary hearing unless the record conclusively shows that the petitioner is entitled to no relief." *Cadavid-Yepes v. United States*, 635 F. App'x 291, 297-98 (6th Cir. 2016) (internal quotation marks omitted). That is, "the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."[2] *Faison v. United States*, ___ F. App'x ___, 2016 WL 3057786, at *4 (6th Cir. May 31, 2016). Further, "something more than [a] 'mere assertion[] of innocence' is required." *Id.*

## ANALYSIS OF PETITIONER'S CLAIMS

Ground 1.

"Generally, courts have held that conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (internal quotation marks omitted), *cert. denied,* 134 S. Ct. 2820 (2014). In addition, the Rules Governing § 2255 Proceedings for the United States District

---

[2]As found herein, the Petitioner has presented to the Court only conclusions, absent statements of fact. Thus, no evidentiary hearing is required.

Courts (the "§ 2255 Rules") require that a § 2255 petition "state the facts supporting each ground." Rule 2(b)(2), § 2255 Rules. In this case, Ray offers no factual allegations concerning the matters of which the district court failed to permit the jury to know, the nature of the prior convictions used to enhance his sentence of which he complains, or the relationship of the cited cases to his conviction. Nor does he allege facts to support his bald assertion of actual innocence. The petitioner bears the burden of articulating sufficient facts to state a claim for relief under § 2255. *Hoyle v. United States*, No. 2:16-CV-75-JRG, 2016 WL 1559381, at *1 (E.D. Tenn. Apr. 18, 2016), *appeal filed* (No. 16-5659) (6th Cir. May 17, 2016). A claim may be dismissed "if it only makes vague conclusory statements without substantiating allegations of specific facts and thereby fails to state a claim cognizable under § 2255." *Id.*

Ground 1 is DENIED.

Ground 2.

The Sixth Amendment guarantees the effective assistance of counsel to criminal defendants. *Strickland*, 466 U.S. at 684-85. In order to prevail on an ineffective assistance claim, a petitioner must demonstrate (1) that his attorney's performance was deficient and (2) that the deficient performance prejudiced the defense. *Lee v. United States*, ___ F.3d ___, 2016 WL 3190079, at *1 (6th Cir. June 8, 2016). To establish deficient performance, "a petitioner must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Ewing v. United States,* ___ F. App'x ___, 2016 WL 3182704, at *4 (6th Cir. June 7, 2016) (citing *Strickland*, 466 U.S. at 687) (alterations & internal quotation marks omitted). "Unless the petitioner demonstrates both deficient performance and prejudice, it cannot be said that the conviction or sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Goward v. United States*, 569 F. App'x 408,

4

412 (6th Cir. 2014) (alterations & internal quotation marks omitted). When assessing a challenge on ineffective assistance grounds, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Moreland v. Robinson*, 813 F.3d 315, 328 (6th Cir. 2016) (citing *Bell v. Cone*, 535 U.S. 685, 702 (2002)) (internal quotation marks omitted), *pet. for cert. filed* (No. 15-8902) (U.S. Apr. 12, 2016). Prejudice is shown where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Delaine v. United States*, 605 F. App'x 468, 471 (6th Cir. 2015) (citing *Strickland*, 466 U.S. at 694). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Smith v. Jenkins*, 609 F. App'x 285, 292 (6th Cir. 2015) (quoting *Harrington v. Richter,* 562 U.S. 86, 105 (2011)) (internal quotation marks omitted). A petitioner claiming ineffective assistance of counsel faces a heavy burden of proof. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006); *Blair v. United States*, No. 1:15-cv-229, 2016 WL 3014670, at *4 (E.D. Tenn. May 24, 2016).

The Petitioner alleges that Smothers "refused to argue the issues that [he] asked her to present" on appeal, giving no additional information as to the nature of those issues. "[A]n indigent defendant does not have a constitutional right to compel appointed counsel to press [even] nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Tate v. United States*, No. 1:13-CV-36, 2015 WL 5089139, at *10 (E.D. Tenn. Aug. 27, 2015) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)) (internal quotation marks omitted), *appeal filed* (No. 15-6066) (6th Cir. Sept. 30, 3015). "[T]he

5

process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail is the hallmark of effective appellate advocacy." *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (internal alterations & quotation marks omitted). "[I]t is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. In such cases, the petitioner must demonstrate that the issue not presented was clearly stronger than issues that counsel did present." *Id.* (citing *Smith v. Robbins*, 528 U.S. 259, 289 (2000)) (internal citation & quotation marks omitted). Without some idea of what issues Ray pressed that his attorney failed to champion on appeal, the Petitioner has failed to establish the performance prong.[3] Accordingly, the Court is unable to grant relief for ineffective assistance of counsel.

Ground 2 is DENIED.

Ground 3.

As noted in a previous section, the inmate seeks in this claim a "recall [of] the mandate in this case." (D.E. 1 PageID 7.) He states in his Petition with respect to this ground that he requested his lawyer to address the issue on direct appeal but she did not. This, he avers, is another instance of ineffective assistance.

As Ray has offered no explanation whatsoever as to the basis of his request to "recall the mandate," he has failed to carry his burden of articulating sufficient facts to state a claim for relief under § 2255. *See Hoyle*, 2016 WL 1559381, at *1, *supra.* Nor has he presented any grounds for a claim of ineffective assistance of counsel.

---

[3]The issues referred to in Ground 2 may be those raised in Ground 1, as the inmate explained in his Petition that the illegal enhancement complained of in Ground 1 was not raised on direct appeal even though he asked his attorney to do so. However, it is up to the Petitioner to allege sufficient facts to enable the Government to respond and the court to rule. *See Hoyle*, 2016 WL 1559381, at *1, *supra.* Here, he has simply not done so.

Ground 3 is DENIED.

Ground 4.

At the time of the Petition's filing, the Smarter Sentencing Act, S. 1410, introduced in the 2013 session of Congress, had not been enacted. The Smarter Sentencing Act of 2015 was introduced on February 12, 2015, and referred to committee. However, subsequent to the filing of the Petition, Ray sought a sentence reduction in his criminal case pursuant to 18 U.S.C. § 3582(c)(2). In an order entered January 21, 2016, the motion was granted and his sentence was reduced from 124 months to 104 months. (Case No. 11-10081, D.E. 91.) It appears that, at this point, either because the law forming the basis for the relief sought has not been enacted or because of the January 21, 2016, order reducing his sentence, Ground 4 is now moot.

*CONCLUSION*

Because the issues presented by Ray are without merit or moot, they are DISMISSED. The Clerk of Court is DIRECTED to enter judgment for the United States.

*APPEAL ISSUES*

Twenty-eight U.S.C. § 2253 requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must also indicate "which specific issue or issues satisfy" the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336

(2003) (internal quotation marks omitted). A COA does not require a showing that the appeal will be successful. *Id.* at 337. Courts, however, should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773-74 (6th Cir. 2005) (per curiam).

In this case, for the reasons previously stated, the issues raised by the Petitioner lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Id.* at 952. The Rule provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, the Rule also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons it denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[1]

---

[1] If Petitioner files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

IT IS SO ORDERED this 14th day of June 2016.

                                      <u>s/ J. DANIEL BREEN</u>
                                      CHIEF UNITED STATES DISTRICT JUDGE